IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cornell W. Adley, | ) C/A No. 2:14-1230-JMC-BHH |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Ms. M. Cruz, | ) |
| | ) |
| Respondent. | ) |
| | ) |
| _____ | ) |

Petitioner, Cornell W. Adley ("Petitioner"), is a federal prisoner in Federal Correctional Institution Williamsburg ("FCI Williamsburg") in Salters, South Carolina. Petitioner, proceeding pro se and in forma paupers, filed this Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging federal convictions and sentences imposed upon him in the United States District Court for the Southern District of Florida, on March 30, 2005. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC) for initial screening.

**PRO SE HABEAS REVIEW**

Under established local procedure in this judicial district, a careful review has been made of this Petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se petitions are held to a less stringent standard than those drafted by attorneys; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978); and a federal court is charged with liberally

---

[1] The Rules Governing Section 2254 Cases are applicable to habeas actions brought under § 2241. See Rule 1(b).

construing a petition filed by a pro se litigant to allow the development of a potentially-meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990). Such is the case here.

## FACTUAL AND PROCEDURAL BACKGROUND

The undersigned takes judicial notice of Petitioner's prior habeas proceeding in this Court. See Adley v. Owen, C/A No. 8:10-2391-JMC-BHH (D.S.C.).[2] Petitioner is serving a sentence of 387 months for convictions relating to conspiracy to possess with intent to distribute cocaine, attempted Hobbes Act robbery, and use of a firearm, in United States v. Adley, Cr. No. 03-20678, in the United States District Court for the Southern District of Florida, after he was convicted pursuant to a jury's verdicts. On April 10, 2007, the United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's convictions and those of his co-defendants, in United States v. Brown, 227 F. App'x 795 (11th Cir. 2007). Petitioner subsequently filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, in the United States District Court for the Southern District of Florida. The United States District Court for the Southern District of Florida denied relief on April 1, 2009. On appeal, the United States Court of Appeals for the Eleventh Circuit

---

[2] See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

granted a certificate of appealability but affirmed the judgment of the district court. Adley v. United States, 2010 WL 1141059 (11th Cir. March 26, 2010), cert. denied, 130 S.Ct. 3443 (2010).

On July 5, 2010, Petitioner sought leave from the United States Court of Appeals for the Eleventh Circuit to file a successive § 2255 motion. The United States Court of Appeals for the Eleventh Circuit denied that motion on July 23, 2010, concluding that the decision of the Supreme Court of the United States in Johnson v. United States, 176 L.Ed.2d 1 (2010), was not applicable to cases on collateral review. Consequently, the Eleventh Circuit ruled that Petitioner was not entitled to leave to file a successive § 2255 motion. On September 15, 2010, Petitioner filed a § 2241 habeas petition in this Court, in Adley v. Owen, C/A No. 8:10-2391-JMC-BHH (D.S.C.), alleging that "Petitioner is Actually Innocent of being a career offender under 4B1.1 given that the Prior Conviction used to enhanced [sic] his sentence is no longer a valid 'predicate offense[;]' [t]hus making the Sentence petitioner received for a nonexistent offense un-constitutional." Petition, C/A No. 10-2391, ECF No. 1, p. 6. In addition to Johnson v. United States, Petitioner relied on United States v. Williams, 609 F.3d 1168 (11th Cir. 2010). In Williams, which was on remand from the Supreme Court, the Court vacated the sentence enhancement based on the Florida felony offense because, under the Supreme Court's holding in Johnson, the offense was non-violent: "To the extent that the district court believed that Williams's conviction for battery on a law enforcement officer was a 'crime of violence' because it involved 'the use, attempted use, or threatened use of physical force' and thus qualified for enhancement, the sentence must be set aside." United States v. Williams, 609 F.3d at 1169.

In Adley v. Owen, C/A No. 8:10-2391-JMC-BHH (D.S.C.), Petitioner's claims were found not to be proper grounds for a habeas petition filed pursuant to § 2241. Because Petitioner sought relief from his convictions and sentences, this Court held that the relief he requested was available, if at all, under § 2255. See United States v. Winestock, 340 F.3d 200 (4th Cir. 2003); United States v. Morehead, 2000 WL 1788398 (N.D. Ill. Dec. 4, 2000) (holding court must construe motion as attacking his sentence under § 2255 regardless of the petitioner's captioning). Petitioner was advised that the fact that a § 2255 action may be untimely or successive does not render a § 2255 remedy inadequate or ineffective, Phillips v. Jeter, 2005 WL 465160, *1-*2 (N.D. Tex. Feb. 25, 2005), and that he must seek leave from the United States Court of Appeals for the Eleventh Circuit to file a successive § 2255 motion to vacate his convictions and sentences. Petitioner's claims of "actual innocence" in C/A No. 10-2391 were not based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Petitioner's claim was facially inadequate to require consideration by this Court, because Petitioner did not allege that there was any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supported his innocence of the criminal charges for which he was convicted. See Schlup v. Delo, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial"); Doe v. Menefee, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim). Rather, Petitioner's actual innocence claim was based on his assertion that the sentencing court improperly gave him an enhanced

sentence by relying on an offense which was considered to be violent in 2005 when he was sentenced, but which was held by the Supreme Court of the United States to be non-violent in 2010. See, e.g., Brown v. Rivera, 2009 WL 960212 (D.S.C. April 7, 2009); and Chisholm v. Pettiford, 2006 WL 2707320 (D.S.C. Sept. 18, 2006). The Petition in C/A No. 10-2391 presented nothing more than an allegation of actual innocence of an enhanced sentence, not actual innocence of Petitioner's underlying criminal convictions. See United States v. Poole, 531 F.3d 263, 267 & n. 7 (4th Cir. 2008). Thus, Petitioner's § 2241 Petition in Adley v. Owen, C/A No. 10-2391 was summarily dismissed without prejudice.

In the instant § 2241 Petition, Petitioner alleges one ground for relief, i.e. "Newly Discovered Evidence of Actual Innocence and Prosecutor Misconduct." Petition, ECF No. 1, p. 6. In Petitioner's accompanying Memorandum of Law in support of his Petition, ECF No. 1-1, he presents a summary of the "newly discovered evidence." which is comprised of four affidavits attached to his § 2241 Petition. See ECF No. 1-3, p. 1-4. The affidavits are from three of Petitioner's family members and a prison acquaintance of Petitioner. In a May 7, 2013 affidavit of Michael Green, Petitioner's fellow prisoner at FCI Williamsburg, Mr. Green attests that, while he was incarcerated at FCI Bennettsville with Kiandre Glee, who was a co-defendant and prosecuting witness against Petitioner in Petitioner's criminal trial, Mr. Glee "talked about his co-defendants and how he testified against them falsely in some crimes," and "told me that he hated that he lied about all kinds of crimes, but he did what he had to do for himself." Mr. Green also attests that, a few months before the date of his affidavit, on Petitioner's birthday, Petitioner "received a letter from Kiandre Glee saying what Glee already confessed to me at Bennettsville concerning how he lied for the detective in the case." ECF No. 1-3, p. 1. Petitioner also includes a September 15, 2009

"Affidavit of Tracey Adley, in Support of Cornell Adley's Alibi Defense," attesting that between December 1997 and January 1998 Petitioner's leg was in a cast and he was on crutches, but that Petitioner's counsel never contacted her to testify about this in connection with two robberies in which Petitioner alleged conspired during this period of time. ECF No. 1-3, p. 2. Petitioner includes a March 25, 2014 affidavit of Zhahheem Adley, Petitioner's brother, who attests that in December 1997, he witnessed Petitioner break his leg while playing basketball and that the cast was not removed from Petitioner's leg until a few weeks before their mother's birthday, on February 24, 1998. Mr. Zhahheem Adley also attests that, while Kiandre Glee accused Petitioner of robbing a Pan Am Credit Union Bank on February 24, 1998, Petitioner was unable to commit the crime because of his broken leg and family members can testify that Petitioner was at his mother's house, involved in preparing for and celebrating her birthday on that date. ECF No. 1-3, p. 3. Petitioner also includes a February 28, 2014 affidavit of Curtis Bryant III, nephew of Petitioner, who attests that Petitioner broke his leg playing basketball only four days after being released from prison and was on crutches throughout December 1997 and January 1998, and could not have committed a crime due to the nature of his injury. Mr. Bryant further attests that Petitioner told him, back in 2004, that a lawyer was going to come and get a statement from him, but no lawyer ever came to speak to him. ECF No. 1-3, p. 4. Petitioner alleges that these affidavits "highligh[] the fact that Mr. Adley could not have committed several robberies, i.e. The Johnson Carwash Robbery December 13, 1997; The Hughes Carjacking December 25, 1997; The Jones Home Invasion January 8, 1998; and The Martin Luther King Day Robbery January 19, 1998, due to the fact that he broke his leg on December 5, 1997 and was in a cast, on crutches, for eight weeks. Petitioner also

presents allegations disputing the trial testimony of Kiandre Glee concerning Petitioner's participation in planning and executing the Pan Am Horizons Credit Union Robbery on February 24, 1998, based on the purported alibi provided by Tracey and Zhahheem Adley. The Petition also attacks the evidence introduced to prove Petitioner's participation in the April 1998 Lopez/Hylor Carjacking and the Old Spanish Man Robbery in June 1998. Further, Petitioner asserts a claim of prosecutorial misconduct in connection with the alleged false testimony of co-defendants and/or witnesses elicited by prosecutors as to Petitioner's involvement in the Tajuan Blake Robbery on June 18, 1998, the Martin Luther King Day Robbery on January 19, 1998, and the Collins Drug Hole Robbery on August 19, 1998. ECF No. 1-1, p. 8-17.

## DISCUSSION

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 805 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). Further, a § 2255 motion must be brought in the sentencing court. In contrast, a writ under § 2241 by a federal prisoner "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention,'" Brown v. Rivera, 2009 WL 960212 at * (D.S.C. April 7, 2009), and must be brought against the warden of the facility where the prisoner is being held. 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426 (2004).[3] Because Petitioner is incarcerated in the District of South Carolina, this

---

[3] A § 2241 habeas petition generally challenges the execution or implementation of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers. See United States v. Little, 392 F.3d 671, 678-79 (4th Cir. 2004); United States v. Miller, 871 F.2d 488, 489-90 (4th Cir.

§ 2241 petition was properly filed in this Court.  However, the threshold question in this case is whether Petitioner's claims are cognizable under § 2241.

A second or successive § 2255 petition is prohibited unless the second or successive petition meets the "gate-keeping requirement" of § 2255(h), i.e. it must be

> certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Here, Petitioner's allegations of "Newly Discovered Evidence of Actual Innocence and Prosecutor Misconduct" clearly attempt to satisfy the gate-keeping provision of § 2255(h)(1), so as to establish that Petitioner is entitled to gain permission to file a successive § 2255 motion.  However, just as Petitioner was informed in C/A No. 10-2391, Petitioner must seek leave from the United States Court of Appeals for the Eleventh Circuit to file a successive § 2255 motion in the sentencing court, rather than attempting to circumvent the gate-keeping provision of § 2255 by filing a § 2241 petition.  Petitioner's allegations of "newly discovered evidence" may or may not be sufficient to meet the standard of § 2255(h)(1), however, the proper forum in which the determination must be made is the Eleventh Circuit.  Petitioner's allegations clearly do not satisfy the "savings

---

1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself"); Manigault v. Lamanna, No. 8:06-047-JFA-BHH, 2006 2006 U.S. Dist. LEXIS 30237 at *3 (D.S.C. 2006).

clause" of § 2255, which would allow Petitioner to pursue a challenge to his convictions and sentences via § 2241 instead of § 2255.

Only if the federal prisoner can satisfy the savings clause of § 2255,[4] may he pursue relief through a § 2241 habeas petition.  See San-Miguel v. Dove, 291 F.3d 257, 260–61 (4th Cir. 2002); In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).  To trigger the savings clause of § 2255(e) and proceed under § 2241, Petitioner would have to show that something more should be considered by this Court than that authorized by § 2255, such as a retroactive change in the law as contemplated in Jones, 226 F.3d at 333-34.  The test provided in In re Jones requires that (1) at the time of the conviction, settled law of the United States Court of Appeals for the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the petitioner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the petitioner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.  Id.

Here, Petitioner has failed to allege, much less demonstrate, that there has been a change in the substantive law such that the conduct of which he was convicted is no longer

---

[4] The savings clause of § 2255 states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

deemed criminal. See Jones, 226 F.3d at 333-34. Consequently, the instant § 2241 Petition fails to satisfy the requirements of the savings clause of § 2255(e) so as to provide this Court with jurisdiction to hear it, and the Petition must be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the instant § 2241 Petition be dismissed without prejudice and without requiring Respondent to file a return. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent).

Petitioner's attention is directed to the important notice on the next page.


April 14, 2014                                        s/Bruce Howe Hendricks
Charleston, South Carolina                   United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).